

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 25, 1971



This Opinion
Overrules Opini.
O - 48  ↑ O-360

This Opinion
Affirms Opinion
O-1258  ↑ M-560

The Honorable Tom Hamilton
District Attorney
64th Judicial District
Hale County Courthouse
Plainview, Texas

Opinion No. M-872

Re: Distribution of fines collected
in District Court for violation
of the Texas Motor Carrier
Act, Article 911b, V.C.S.,
and Article 1690b, V.P.C.

Dear Mr. Hamilton:

You have requested an opinion of this office as to the disposition of fines assessed and collected under the Texas Motor Carrier Act, collectively Article 911b, Vernon's Civil Statutes, and Articles 1690b and 1690f, Vernon's Penal Code.

There are a variety of fines or penalties which may be assessed and collected for violations of the Texas Motor Carrier Act. Subsection (a) of Article 1690b and Article 1690f, Vernon's Penal Code, provide for fines to be assessed as misdemeanor criminal penalties. Subsections (b) and (c) of Article 1690b set out the civil sanctions imposed for violations of the Texas Motor Carrier Act. While your letter refers to only those fines collected as civil penalties we think that under Section 17, Subsection (c), of Article 911b, the disposition of all fines and penalties should be the same. This Section of the Motor Carrier Act provides as is here pertinent:

> ". . . all fines and penalties collected under the provisions
> of this Act shall be payable to the State Treasurer at Austin,
> and credited to the fund to be known and designated as the
> 'Motor Carrier Fund', which fund is appropriated for the pur-
> pose of carrying out the terms of this Act. . ."

Quite clearly by this language the Legislature has specifically spelled out the disposition and purpose of fines collected under the Texas Motor Carrier Act. We feel that this legislative mandate should be followed and should

-4251-

Honorable Tom Hamilton, page 2 (M-872)

control here, just as was held in Attorney General's Opinion No. M-560 (1970) over the more general provisions of Article 1007, Vernon's Code of Criminal Procedure.

Several opinions have been issued by this office on the subject of retention of fees or commissions by local officials out of fines or penalties collected for the State by such official. Attorney General Opinion No. O-48 (1939) considered the question of the responsibility of the Justice of the Peace to deduct 10 per cent of the fines collected under Article 1690b and pay that amount into the officer's salary fund of his county. This opinion concluded that under Article 950 of the 1925 Code of Criminal Procedure and Article 3912e, Sections 3, 4 and 5, Vernon's Civil Statutes, a Justice of the Peace had the duty to deduct 10 per cent of fines collected under Article 1690b and pay the same into the officer's salary fund of his county and, further, that upon his failure to accomplish this the same amount could be deducted from the salary of such officer.

Attorney General Opinion No. O-360 (1939) considered the question of what disposition should be made of fines collected by a Justice of the Peace for violations of the Motor Carrier Act and merely concluded that all fines collected for violation of the Motor Carrier Act should be deposited with the State Treasurer at Austin after deducting commissions as allowed by law. The "commissions as allowed by law" referred to in this opinion were apparently those provided in Article 950 of the 1925 Code of Criminal Procedure, namely, 10 per cent and 5 per cent to be retained by the District Attorney and District Clerk, respectively, out of fines collected for the State by such officers. Later in the same year Attorney General Opinion No. O-1258 (1939) was issued considering the same question and concluded that Section 17 (c) of Article 911b directly answered the question with the result that "all fines and penalties which are collected for violations of the provisions of this Act must be paid to the State Treasurer at Austin and credited to the Motor Carrier Fund."

Finally, Attorney General Opinion No. M-560 (1970) considered the right, by virtue of Article 1007 of the 1965 Code of Criminal Procedure, of a District Attorney to retain 10 per cent of civil penalties collected by him in suits brought under Article 7621d-1, Vernon's Civil Statutes. Article 950 (referred to in the two preceding opinions) was the predecessor of Article 1007 referred to in this opinion. This latter opinion concluded that Article 7621d-1 contained specific provisions dealing with the disposition of fines

-4252-

Honorable Tom Hamilton, page 3 (M-872)

collected under that Article and, therefore, controlled over the more general provisions of Article 1007 of the Code of Criminal Procedure. Therefore, a District Attorney did not have the right to retain a percentage of moneys collected as civil penalties on behalf of the State.

We therefore follow and affirm Attorney General Opinions Nos.O-1258 and also M-560, wherein the applicable principle of statutory construction was declared that the specific prevails over a general statute, and we overrule Opinions Nos.O-48 and O-360, reaching the conclusion that neither the District Attorney nor the District Clerk may retain any percentage of the moneys collected as fines, forfeitures, or penalties recovered in actions brought for violation of the Texas Motor Carrier Act.

## SUMMARY

Article 911b, Section 17 (c), Vernon's Civil Statutes, requires that all fines and penalties collected thereunder shall be paid to the State Treasurer, and contains the specific provisions dealing with the proper distribution or allocation of fines and penalties collected under the provisions of the Texas Motor Carrier Act; this provision controls over the more general provisions of Article 1007, Vernon's Code of Criminal Procedure.

Neither the District Attorney nor the District Clerk may retain a percentage of any penalty or fine collected in any suit brought on behalf of the State of Texas for violations of the Texas Motor Carrier Act.

Attorney General Opinions Nos. O-1258 and M-560 are affirmed and Nos. O-48 and O-360 are overruled.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James M. Mabry
Assistant Attorney General

-4253-

Honorable Tom Hamilton, page 4 (M- 872)

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

James H. Cowden
Ben Harrison
James Quick
S. J. Aronson

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant